Mary SWANSON, Plaintiff,

v.

Richard J. MARTWICK, Defendant.

No. 88 C 5184.

United States District Court,
N.D. Illinois, E.D.

Dec. 14, 1989.

Scott A. Mayer, Arnold & Kadjan and Barry A. Gomberg, Weston, Gomberg & Reese, Chicago, Ill., for plaintiff.

Cecil A. Partee, Cook County State's Atty. by Susan Salita, Asst. State's Atty., Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

On June 21, 1989, a jury returned a verdict in favor of plaintiff Mary Swanson, awarding her $87,000 in damages. Having succeeded on her § 1983 claim, Swanson then moved to recover equitable relief and attorneys' fees. This court referred both matters to Magistrate James T. Balog.

■ In a report and recommendation dated November 21, 1989, Magistrate Balog concluded that the court should deny Swanson's motion for equitable relief. After considering Swanson's objections to the magistrate's findings, this court agrees that Swanson is not entitled to equitable relief. Swanson seeks equitable relief in the form of reinstatement or, alternatively, front pay. In evaluating Swanson's claim for reinstatement, the magistrate recognized that defendant Richard J. Martwick was found liable only in his individual capacity. In that capacity, Martwick does not have the authority to reinstate Swanson. Moreover, even if reinstatement were an appropriate remedy, it would not be feasible; the position that Swanson is seek-

ing has already been filled. Nonetheless, Swanson seeks an award of front pay in the alternative. Despite Swanson's characterization of front pay as "equitable," she is essentially seeking monetary damages from Martwick personally. *See Lenea v. Lane*, 882 F.2d 1171, 1178–79 (7th Cir. 1989); *Burt v. Board of Trustees*, 521 F.2d 1201, 1204 (4th Cir.1975); *Shirley v. Chagrin Falls Exempted Village Schools Bd. of Educ.*, 521 F.2d 1329, 1334 (6th Cir. 1975), *cert. denied*, 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976). Since the jury has already considered Swanson's claims for money damages, this court may not now award damages under the rubric of "front pay." Accordingly, this court adopts the magistrate's report and recommendation with respect to Swanson's motion for equitable relief.

Pursuant to 42 U.S.C. § 1988, Swanson also wishes to recover attorneys' fees in the amount of $77,851.75. In a memorandum order issued on November 28, 1989, Magistrate Balog made reductions in the fee request for certain excessive and unrelated billings. The magistrate then made a 20% reduction overall, finding the fees charged to be disproportionate to the degree of success achieved in the litigation.

 To the extent that Magistrate Balog made particularized reductions for excessive and unrelated fees, this court accepts the findings of the magistrate. These adjustments, to which the parties do not object, reduce Swanson's fee award to $72,446.75. Insofar as the magistrate found the fee request to be disproportionate to the degree of success achieved by Swanson, however, this court respectfully declines to follow the magistrate's ruling. Magistrate Balog correctly pointed out that the extent of success achieved is a crucial factor to be considered when determining the fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 438 n. 14, 103 S.Ct. 1933, 1942 n. 14, 76 L.Ed.2d 40 (1983). But when the fee request is quite large, it is not appropriate to simply "eye-ball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1204 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985). Concluding that "plaintiff has achieved limited success in this litigation compared to the scope of relief sought," the magistrate reduced Swanson's fee request by 20%, recommending a $57,957.40 fee award. This court sees no articulable basis in the magistrate's report explaining how he arrived at the 20% figure. Furthermore, in determining that Swanson had attained limited success in the litigation, the magistrate gave substantial weight to the comlaint's prayer for relief, wherein Swanson requested over one million dollars. Swanson's initial prayer for relief, however, is not the dispositive measure of the success she ultimately achieved. Swanson recovered the full amount of back pay sought and an award for emotional distress. She also obtained a significant award of punitive damages. In fact, this court noted on the record that the case was well-tried. The success achieved by Swanson is not diminished by virtue of her optimistic prayer for relief. In view of the favorable results obtained in this case, a 20% fee reduction is unwarranted. Therefore, this court grants Swanson's petition for attorneys' fees in the amount of $72,446.75.